UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES LYNCH PETTIS,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN L. SMITH,<br><br>    Defendant. | Civil No. 14-197 (PJS/SER)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. He did not pay any filing, but instead applied for leave to proceed IFP. Earlier, the Court reviewed Plaintiff's IFP application, finding it incomplete. Plaintiff's IFP application indicated that he expected "major changes" in his financial situation, but failed to explain how those changes might affect his eligibility for IFP status. Therefore, the Court ordered Plaintiff to supplement his IFP application with an affidavit showing how he expected his financial circumstances to change. (Order dated March 10, 2014, [Docket No. 3].) The Court's order expressly informed Plaintiff that if he did not file the supplemental affidavit within twenty days, he would be deemed to have abandoned this action, and the Court would recommend that this action be summarily dismissed for failure to prosecute.

The deadline for complying with the Court's prior order has expired. To date, however, Plaintiff has not submitted the supplemental affidavit required, nor has he offered any excuse for his failure to do so. In fact, Plaintiff has not communicated with the Court since he commenced this action. Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the requirements of the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be summarily dismissed without prejudice. *See* Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). *See also Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed for failure to prosecute, the Court will also recommend that Plaintiff's IFP application be summarily denied.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 19, 2014

    S/Steven E. Rau
    STEVEN E. RAU
    United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 2, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.